UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREWSTER DENYVEOUS PHELPS,<br>    Petitioner,<br>v.<br>SUSAN PEERY,<br>    Respondent. | Case No. 22-cv-01729-JSC<br><br>**ORDER VACATING "ORDER TO SHOW CAUSE; GRANTING EXTENSION OF TIME;" OF PARTIAL DISMISSAL; SETTING BRIEFING SCHEDULE ON MOTION TO STAY; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. No. 8 |

## INTRODUCTION

The "Order to Show Cause; Granting Extension of Time (ECF No. 8)" is VACATED as having been filed in this case in error.

Petitioner, a prisoner of the State of California proceeding without representation by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction. For the reasons discussed below, the third claim is DISMISSED, a briefing schedule is set for a motion to stay, and Petitioner is GRANTED an extension of time in which to file an application to proceed in forma pauperis ("IFP") or pay the filing fee.

## BACKGROUND

In 2018, a jury in Santa Clara County Superior Court found Petitioner guilty of attempted murder, assault with a firearm, and assault likely to produce great bodily injury, and found true enhancements for the use of a firearm and causing great bodily injury. The trial court sentenced him to a term of 10 years, plus 25 years-to-life, in state prison. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied Petitioner's petition for review. Thereafter, the California Court of Appeal and the California Supreme Court also denied Petitioner's petitions for a writ of habeas corpus. Petitioner then filed the instant federal petition.

**DISCUSSION**

I.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.    Legal Claims

Petitioner makes the following claims: (1) the use of surveillance and cell phone video violated his right to due process and to the effective assistance of counsel; (2) he received ineffective assistance of counsel because counsel did not call an expert in eyewitness identification; (3) the prosecutor committed misconduct; (4) the prosecutor committed misconduct by misrepresenting facts in evidence during closing argument; and (5) the prosecutor committed misconduct by vouching for a witness and presenting testimony that also vouched for a witness.

The first claim, when liberally construed, presents a proper claim for the violation of Petitioner's right to due process because the improper admission of evidence may violate a defendant's right to due process. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999) (improper admission of evidence may render a trial fundamentally unfair in violation of the right to due process). The first claim also asserts that trial counsel was ineffective in failing to object to the admission of the video evidence on the grounds that the evidence was not properly authenticated. This states a proper claim for the violation Petitioner's Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) (the Sixth Amendment right to counsel guarantees effective assistance of counsel). Petitioner's second claim arguing that counsel improperly failed to call an expert witness also presents a viable claim for a violation of his Sixth Amendment right to counsel.

The third claim asserts that the prosecutor committed misconduct. Misconduct by a prosecutor may violate a defendant's right to due process. *See Darden v. Wainwright*, 477 U.S.

1   168, 181 (1986). This claim does not present grounds for federal habeas relief, however, because
2   Petitioner does not describe in this claim any alleged misconduct by the prosecutor. Rather,
3   Petitioner describes the prosecutor's misconduct in the fourth and fifth claims --- misrepresenting
4   facts in evidence and vouching for a witness. There is no need to have a separate claim asserting
5   generally that the prosecutor committed misconduct. Thus, the third claim will be dismissed,
6   while the fourth and fifth claims remain because they state proper due process claims based upon
7   prosecutorial misconduct.

III. <u>Stay and Abeyance</u>

In the petition, Petitioner requests a stay and abeyance to allow him to exhaust his third, fourth, and fifth claims for relief. A district court may stay habeas petitions containing some unexhausted claims to allow the petitioner to exhaust those claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *Rhines* requires a petitioner to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

The request for a stay is denied as to the third claim because, as explained above, the claim is not cognizable. Petitioner concedes that the fourth and fifth claims are unexhausted but he does not make any showing of good cause for his failure to exhaust them or that he has been diligent in exhausting those claims. Because Petitioner is not represented by counsel and may not have been aware that he was required to make this showing, he may file a motion for stay in which he shows, under *Rhines*, good cause for his failure to exhaust his fourth and fifth claims for relief and that he has not engaged in intentionally dilatory tactics in failing to exhaust these claims. Once the question of a stay has been resolved, the Court will issue an order to show cause on any cognizable claims for federal habeas relief.

III. <u>In Forma Pauperis Application</u>

Petitioner has notified the Court that prison officials have delayed providing him his trust account statement and certificate of funds, which are required in order to complete the Court's application to proceed in forma pauperis ("IFP"). Good cause appearing, Petitioner will be granted additional time to either pay the filing fee or file a completed IFP application.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The third claim for relief is DISMISSED.

2. On or before **May 26, 2022**, Petitioner shall file a motion to stay in which he makes the showing required under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), as described above. Any opposition is due on or before **June 24, 2022**, and Petitioner may file a reply brief on or before **July 8, 2022**. <u>If Petitioner does not file a motion to stay within the designated time, or if motion is not sufficient, Respondent will be ordered to show cause why the petition should not be granted based upon the first and second claims for relief.</u>

3. On or before **June 27, 2022**, Petitioner shall either pay the $5.00 filing fee or file a completed IFP application. If he needs additional time, he must file a motion for a further extension of time in which he provides reasons that justify an extension. <u>If he fails to do so, this case will be dismissed.</u>

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 28, 2022

JACQUELINE SCOTT CORLEY
United States District Judge