UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREWSTER DENYVEOUS PHELPS,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSAN PEERY, et al.,<br><br>  Defendants. | Case No. 22-cv-01729-JSC<br><br>**ORDER GRANTING MOTION FOR STAY; ADMINISTRATIVELY CLOSING CASE; INSTRUCTIONS TO PETITIONER**<br><br>Re: Dkt. Nos. 14, 15 |

**INTRODUCTION**

Petitioner, a California prisoner proceeding without an attorney, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raised five claims. Petitioner stated that claims three, four, and five were not exhausted, and he requested a stay to allow him to exhaust them. The Court dismissed claim three for failure to state a cognizable claim for relief, found the remaining claims, when liberally construed, cognizable, and scheduled briefing on Petitioner's request for a stay for the purpose of exhausting claims four and five. Petitioner filed two motions seeking a stay (ECF Nos. 14 and 15), and Respondent filed an opposition. The time to file a reply brief has expired. For the reasons discussed below, the motion for a stay is GRANTED

**BACKGROUND**

The four cognizable claims are: the use of surveillance and cell phone video violated Petitioner's right to due process and to the effective assistance of counsel (claim one); Petitioner received ineffective assistance of counsel because counsel did not call an expert in eyewitness identification (claim two); the prosecutor committed misconduct by misrepresenting facts in evidence during closing argument (claim four); and the prosecutor committed misconduct by vouching for a witness and presenting testimony that also vouched for a witness (claim five).

On August 9, 2019, Petitioner filed a direct appeal from his conviction in the California Court of Appeal. (ECF No. 16 at 23-62.) He raised claims one and two in the opening brief, and he added claims four and five in the reply brief. (*Id.* at 25-26, 107; *see also id.* at 20, n.2.) He simultaneously filed a habeas petition in the California Court of Appeal, which also addressed only claims one and two. (*See id*. at 64-101)  On February 17, 2021, the California Court of Appeal denied both the petition and the appeal; in doing so, the Court of Appeal denied claims one and two but did not address claims four and five on their merits because Petitioner did not show "good cause" for not raising them in his opening brief. (*Id.* at 9, 20, nn. 2-3.) On April 10, 2021, Petitioner filed a petition for review in the California Supreme Court raising claims one, two, four, and five. (*Id.* at 129-58.) The California Supreme Court denied the petition on May 26, 2021, without explanation or citation to authority. (*Id.* at 160.) The instant petition was filed on March 18, 2022. (ECF No. 1.)

**DISCUSSION**

Petitioner seeks a stay to allow him to exhaust claims four and five.[1] A district court may stay habeas petitions containing some unexhausted claims to allow the petitioner to exhaust those claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *Rhines* requires a petitioner to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278.

A.   Good Cause

Petitioner's request for a stay cites counsel's "inadvertence" in asserting claims four and five in the reply brief to the California Court of Appeal but failing to include those claims in the opening brief. (ECF No. 15 at 2:19-25). Good cause under *Rhines* does not require a showing of extraordinary circumstances, but rather "turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify" the failure to exhaust. *Blake v. Baker*, 745 F.3d

---

[1] In one of his motions seeking a stay, Petitioner mis-identifies the two unexhausted claims as the "fifth" and "sixth" claims. (ECF No. 14 at 1; *compare* ECF No. 1 at 8, 12; No. 9 at 3; No. 15 at 2.)

2

977, 981-82 (9th Cir. 2014).  In *Blake*, the court held that deficient performance by postconviction counsel, under the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), constitutes good cause for not exhausting a claim and receiving a stay under *Rhines*.  745 F.3d at 982-84 (finding postconviction counsel's failure to investigate or discover facts underlying unexhausted claim of ineffective assistance of trial counsel --- namely, petitioner's abusive upbringing and compromised mental condition --- was deficient performance under *Strickland* and amounted to "good cause" under *Rhines*).  The first prong of *Strickland* provides that counsel's performance is deficient if it falls below an "objective standard of reasonableness" under prevailing professional norms.  *Strickland*, 466 U.S. at 687-88.

This Court discerns no objectively reasonable justification for Plaintiff's apellate counsel's decision to present claims four and five for the first time in a reply brief.  This assured that the claims would not be reviewed on their merits because California law prohibits making new claims on appeal in a reply brief unless there is a good cause, which counsel did not show.  (ECF No. 16 at 20, n.2 (citing *City of Costa Mesa v. Conell*, 74 Cal. App. 4th 188, 197 (1999).)  Counsel even acknowledged that he knew about this rule and the "obvious considerations of fairness" justifying it.  (ECF No. 146-48 (quoting 9 Witkin Cal. Proc (1985) § 496 at 484)).  Counsel argued that the Court of Appeal should have nevertheless considered the claims --- in apparent contravention of the rule --- because his reply brief should be allowed to refute the arguments in the State's opposition brief, which in this case addressed the prosecution's closing argument.  (*Id.*)  It was not the reply brief's *arguments* that the Court of Appeal did not consider, however; they were not considered because counsel presented those arguments as new *claims* of prosecutorial misconduct.  (*See id.*)  Counsel's failure to include the claims in the opening brief lacks any reasonable justification and was deficient performance under *Strickland*,

Respondent does not argue that raising the claims for the first time in the reply brief was reasonable performance, but argues that *Blake* does not apply here because in *Blake* good cause was based upon ineffectiveness of state habeas counsel, not appellate counsel.  *Blake* did not limit its holding to deficient performance by state habeas counsel, or rule that deficient performance by counsel on direct appeal would not also constitute good cause under *Rhines*.  *Blake* left that

United States District Court
Northern District of California

question open: "We wrote [in *Blake*] that because a *Rhines* stay and abeyance order 'does not undercut the interests of comity and federalism,' it might be permitted in even more situations than IAC by post-conviction state-court counsel, but we did not need to reach that question." *See Bolin v. Baker*, 994 F.3d 1154, 1157 (9th Cir. 2021) (quoting *Blake*, 745 F,3d at 984 & n.7). The Ninth Circuit has not reached the question elsewhere, but the following passage from *Blake* suggests that the court does not make a distinction between state habeas and appellate counsel in this context:

> In fact, no circuit has directly addressed whether state post-conviction IAC can constitute good cause under *Rhines*. *Wagner v. Smith*, 581 F.3d 410 (6th Cir.2009), perhaps comes the closest, recognizing in dicta that a petitioner "seem[ed] to have a compelling 'good cause' argument that his *appellate* counsel was ineffective for failing to raise [the petitioner's unexhausted] claims on appeal." *Id.* at 419 nn. 4, 5.

745 F.3d at 981 (emphasis added).

Respondent cites two district court decisions declining to extend *Blake* to ineffectiveness by appellate counsel. Neither is persuasive, however, because each simply notes that *Blake* involved post-conviction counsel, not appellate counsel, before holding that even if appellate counsel's ineffectiveness could amount to good cause under *Rhines*, there was only a "bald assertion" of appellate counsel's ineffectiveness in those cases. *See Sadowski v. Grounds*, 358 F.Supp.3d 1064, 1071 (C.D. Cal. 2019); *Burns v. Magrihi*, 2022 WL1555407 at *2-3 (C.D. Cal. 2022). This case does not involve a mere "bald" assertion that appellate counsel should have raised the unexhausted claims on appeal. Unlike appellate counsel in those cases, appellate counsel here did make the claims, but he did so in a manner that forfeited their merits review under clear California rules of procedure without any reasonable justification.

There is no authority that prohibits applying *Blake* to deficient performance by appellate counsel. The Court discerns no good reason for treating differently a defendant whose lawyer unreasonably failed to exhaust claims in state habeas petitions, from a defendant whose lawyer unreasonable failed to exhaust claims on direct appeal. Both defendants lost the opportunity for review of their claims on their merits.

Respondent also argues that the Court should not apply *Martinez v. Ryan*, 566 U.S. 1

4

1    (2012), to this case. The Court does not. *Martinez* addressed "good cause" to excuse procedural

2    default, not good cause for a stay under *Rhines*. *Id.* *Blake* explained that these two good cause

3    requirements are different because *Martinez* permits a petitioner to "bypass the state court" while

4    *Rhines* permits a petitioner to only "return to state court." 745 F.3d at 984. In any case, the

5    finding of good cause in this case rests upon *Blake,* not upon *Martinez*.[2]

6    Respondent also argues that Petitioner has not shown good cause because he could have,

7    but did not, file a pro se habeas petition exhausting his claims "with the assistance of his inmate

8    helper." (ECF No. 16 at 5.) As explained below, Petitioner did not have his inmate helper until

9    after he filed this case. Moreover, this argument falls under *Rhines's* third prong analyzing

10   whether Petitioner engaged in dilatory tactics, and as a result it is discussed below.

11   The failure by counsel to include claims four and five in the opening appellate brief to the

12   California Court of Appeal, which would have garnered their merits review and exhausted them,

13   constitutes "good cause" under the first prong of *Rhines* for Petitioner's not exhausting these

14   claims before coming to federal court.

15       B.    <u>Not "Plainly Meritless"</u>

16   A petitioner need only show that one of his unexhausted claims is not plainly meritless to

17   qualify for a stay under *Rhines*. *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017). "In

18   determining whether a claim is 'plainly meritless,' the federal court stay allow a stay unless "'it is

19   perfectly clear that the petitioner has no hope of prevailing.'" *Id.* (quoting *Cassett v. Stewart*, 406

20   F.3d 614, 624 (9th Cir. 2005)).

21   Claim five, in which Petitioner argues that the prosecutor committed misconduct by

22   eliciting testimony from Detective Tressler, a prosecution witness, vouching for a witness's

23   unreliability. (ECF No. 16 at 152-53.) Improper vouching for the credibility of a witness occurs

24   when the prosecutor places the prestige of the government behind the witness or suggests that

---

[2] The court notes that Petitioner also claims "good cause" on the grounds that he is not a lawyer, his education ended after second grade, and he was not aware of the exhaustion requirement. (ECF Nos. 14 at 1; 15 at 2.) Petitioner does not support these assertions with evidence, which, under *Blake*, he must do to establish "good cause." 745 F.3d at 982 ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.").

information not presented to the jury supports the witness's testimony. *United States v. Young*, 470 U.S. 1, 7 n.3, 11-12 (1985). If the vouching rendered the trial fundamentally unfair, then due process was denied, and the petitioner is entitled to habeas relief. *See Davis v. Woodford,* 384 F.3d 628, 644 (9th Cir. 2004).

Claim five is based upon this question at trial by the prosecutor to a Detective Tressler:

> Q: You were able to determine pretty early on that [the victim] – he wasn't being very cooperative with regard to a description of what took place that night. Is that fair to say?
> A: Correct.

(ECF No. 16 at 153.)[3] It is not plainly meritless to base a due process/vouching argument on this exchange. Petitioner can reasonably claim that the detective's opinion that the victim, Mr. Gutierrez, was not cooperative in describing the events suggested to the jury that the detective believed the Mr. Gutierrez was lying, and that he (the detective) had some information not presented to the jury that made him think the Mr. Gutierrez was not credible. Furthermore, Petitioner can make a reasonable argument that by seeking that opinion, the prosecutor was inviting the detective to place the prestige of the government behind a conclusion that the Mr. Gutierrez was not credible. This was potentially prejudicial to Petitioner because Mr. Gutierrez testified that he did "not at all" recognize Petitioner as the man who shot him. (*Id.* at 137.) Consequently, it is not beyond hope that this claim could establish a violation of a petitioner's right to due process, and the claim cannot be deemed "plainly meritless" under *Rhines*.[4]

C. No Intentionally Dilatory Tactics

Respondent concedes that "there is no indication that Petitioner has engaged in 'intentionally dilatory tactics.'" (ECF No. 16 at 6.) Rather, he argues that Petitioner has not been "diligent" because despite having an inmate assist him, he has not presented his unexhausted claims in a state habeas petition to the California Supreme Court. To begin with, the standard

---

[3] Although the petition itself (ECF No. 1) only states the claim and does not set forth this argument, as Petitioner is pro se, the Court assumes that he means to include arguments made by counsel on direct appeal in support of this claim. (*See* ECF No. 16 at 152-53.)
[4] This conclusion does not rely on Petitioner's unsupported assertion that that he has "newly discovered evidence;" Petitioner does not describe or present any such evidence. (ECF No. 15 at 3.)

under *Rhines*'s third prong is that not that a stay requires "diligence," but rather there must be no "intentionally dilatory tactics." 544 U.S. at 278. Respondent is right that there is no indication that Petitioner intended to delay here. Further, the inmate began assisting him approximately four months ago, on April 28, 2022 (ECF No. 15 at 5), after this petition and the initial request for a stay were filed (ECF No. 1). There is no indication that Petitioner had any other inmate assistance, let alone assistance from an inmate with legal expertise or experience filing state habeas petitions or otherwise navigating legal requirements of exhaustion and California procedure. During these four months, Petitioner and the other inmate have been litigating this case, including requesting a stay to allow him to exhaust his unexhausted claims. Under these circumstances, and in light of the parties' agreement that there is no indication that Petitioner intentionally delayed in exhausting his claims, the third prong of *Rhines* is satisfied.

## CONCLUSION

For the foregoing reasons and for good cause shown,

The motions for a stay are GRANTED. This case is STAYED to allow Petitioner to present his unexhausted claim to the California Supreme Court. If Petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) Petitioner must promptly pursue his unexhausted claims in the state courts, and no later than the time allowed under state law; and

(2) Petitioner must file a First Amended Petition ("FAP") within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims. The FAP supersedes the original petition. This means that if Petitioner files a FAP only the claims included in it will be considered; if claims one and two from the original petition will are not included in the FAP, they will not be considered and will no longer be part of this case. The FAP must include in the caption the case number C 22-1729 JSC (PR).

If either condition of the stay is not satisfied, this Court may vacate the stay and act on only the two exhausted claims of ineffective assistance of counsel. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a

petitioner's trip to state court and back.").

The Clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

This order disposes of docket numbers 14 and 15.

**IT IS SO ORDERED.**

Dated: September 2, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge