UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREWSTER DENYVEOUS PHELPS,<br><br>    Petitioner,<br><br>    v.<br><br>GIGI MATTESON, et al.,<br><br>    Respondent. | Case No. 22-cv-01729-JSC<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

## INTRODUCTION

Petitioner Brewster Denyvous Phelps, a prisoner of the State of California proceeding without representation by an attorney, filed a petition for a writ of habeas corpus seeking relief from his state conviction. Respondent's motion to dismiss the operative amended petition is now pending before the Court. Petitioner has filed an opposition, and Respondent has replied. For the reasons discussed below, the Court GRANTS the motion to dismiss.

## BACKGROUND

In 2018, Petitioner was convicted in the Santa Clara County Superior Court of attempted murder, assault with a firearm, and assault by means likely to produce great bodily injury. (Dkt. No. 23 at 8.)[1] Petitioner was sentenced to state prison for a term of 25 years to life consecutive to 10 years. (*Id.* at 6.)

As grounds for federal habeas relief, Petitioner makes four claims in his amended petition:

- the use of surveillance and cell phone video violated Petitioner's right to due process and to the effective assistance of counsel (claim one);

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1

1      •   Petitioner's counsel rendered ineffective assistance by failing to call an expert on
2          eyewitness identification testimony (claim two);
3      •   the prosecution made misrepresentations regarding facts in evidence during the final
4          argument (claim three);[2] and
5      •   the prosecutor and his detective engaged in vouching for the untrustworthiness of the
6          victim's testimony (claim four).[3]

(Dkt. No. 19.)

### A. Direct Review Appeals

On August 9, 2019, Petitioner filed a direct appeal from his conviction in the California Court of Appeal. (Dkt. No. 16 at 23-62.) He raised claims one and two in the opening brief, and added claims three and four in the reply brief. (*Id.* at 25-26, 107; *see also id.* at 20, n.2.) He simultaneously filed a habeas petition in the California Court of Appeal, which addressed only claims one and two. (*See id.* at 64-101.) On February 17, 2021, the California Court of Appeal denied both the petition and the appeal; in doing so, the Court of Appeal denied claims one and two on the merits, but did not address claims three and four on their merits because Petitioner did not show "good cause" for not raising them in his opening brief. (Dkt. No. 23 at 20; *see id.* at 18-19; *see also id.* at 19, nn. 2-3.)

Nearly two years later, on April 10, 2021, Petitioner filed a petition for review in the California Supreme Court which raised only claims three and four. (*Id.* at 22-58.)[4] The California Supreme Court denied the petition for review on May 26, 2021, without explanation or citation to authority. (*Id.* at 61.)

### B. First California Supreme Court Habeas Petition

Around the same time Petitioner filed his petition for direct review in the California Supreme Court, he filed his first habeas petition in the California Supreme Court. In this habeas petition he raised only claim two. (*Id.* at 65-103.) The California Supreme Court denied the

---

[2] Numbered claim four in Petitioner's original federal habeas petition.
[3] Numbered claim five in Petitioner's original federal habeas petition.
[4] In a prior order, the Court incorrectly stated Petitioner also included claims one and two in this petition for review. (*See* Dkt. No. 17 at 2.)

2

habeas petition without explanation or citation to authority.[5] (*Id.* at 105.)

### C. Initial Federal Habeas Proceedings

On March 18, 2022, Petitioner filed the instant federal action raising the four claims listed above plus one additional claim, which the Court dismissed for failure to state a cognizable claim for relief. (Dkt. Nos. 1; 9 at 2-3.) On September 2, 2022, the Court granted a stay to allow Petitioner to exhaust claims three and four, and administratively closed the case. (Dkt. No. 17.)

### D. Second and Third State Habeas Petitions

Petitioner initiated a second round of habeas petitions in the state courts. He filed a habeas petition in the Santa Clara County Superior Court and then the California Court of Appeal, which were denied on July 20, 2022, and November 7, 2022, respectively. (Dkt. No. 23 at 121-23.) Petitioner's second California Supreme Court habeas petition raised only claims three and four and was denied on March 15, 2023. (*Id.* at 107-119; *see also id.* at 128.) The summary opinion stated: "The petition for writ of habeas corpus is denied. (*See In re Clark* (1993) 5 Cal. 4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].)" (*Id.* at 128.) Petitioner then initiated a third round of state habeas petitions, which were denied, but these petitions asserted a claim not raised in this federal action. (*Id.* at 135, 139; *see also id.* at 153.)

### E. Reopened Federal Habeas Proceedings

On April 17, 2023, Petitioner filed the operative amended petition consisting of the four claims listed above. (Dkt. No. 19.) On August 22, 2023, the Court lifted the stay, reopened the case, and ordered Respondent to either file an answer showing cause why a writ of habeas corpus should not be granted or a motion to dismiss on procedural grounds. (Dkt No. 20.) On January 16, 2024, Respondent filed the now-pending motion to dismiss. (Dkt. No. 23.)

## DISCUSSION

Respondent moves to dismiss claim one of the amended petition because it is unexhausted and claims three and four because they are procedurally defaulted. (Dkt. No. 23.) Respondent

---

[5] Respondent indicates this denial occurred on June 23, 2021, but the copy of the denial order submitted by Respondent is undated. (Dkt. No. 23 at 105.) The date of the order is not relevant to the resolution of the present motion.

does not move to dismiss claim two. Petitioner agrees claim one is unexhausted, but he argues claims three and four are not procedurally defaulted. (Dkt. No. 24.)

## I. EXHAUSTION

Prisoners in state custody who wish to collaterally challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies. They must exhaust the remedies either on direct appeal or through collateral proceedings by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Claim one, asserting the use of surveillance and cell phone video violated Petitioner's right to due process and to the effective assistance of counsel, has only been presented to the California Court of Appeal on direct review. (Dkt. No. 16 at 23-62.) Petitioner has never presented claim one to the California Supreme Court either in his petition for direct review or his three habeas petitions. (*See* Dkt. No. 23 at 22-58, 65-103, 107-119.) Petitioner agrees "Claim one of the Amended Petition is unexhausted." (Dkt. No. 24.) Since claim one is unexhausted it will be dismissed without prejudice.

## II. PROCEDURAL DEFAULT

Respondent contends the California Supreme Court's citation to *In re Clark* in its order denying Petitioner's second habeas petition renders claims three and four procedurally defaulted. (Dkt. No. 23 at 6.)

### A. Procedural Default Principles

A federal court "will not review questions of federal law decided by a state court if the decision also rests on a state law ground which is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (cleaned up). "This rule applies whether the state law ground is substantive or procedural." *Id.* The procedural default rule, that is, if a state court denies a petitioner's claims because the petitioner failed to comply with the state's requirements for presenting those claims, is a specific instance of the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994). The state carries the burden of adequately pleading "the existence of an independent and

4

adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If the state meets this requirement, "the burden to place the defense in issue shifts to the petitioner," which the petitioner may satisfy "by asserting specific factual allegations demonstrating the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* (cleaned up).

### B. Procedural Default Application

Respondent has successfully met its initial burden of adequately pleading the existence of an independent and adequate state procedural ground as an affirmative defense to claims three and four. The California Supreme Court summarily denied claims three and four in Petitioner's second habeas petition with a citation: "*In re Clark*, 5 Cal. 4th at 767-769 [courts will not entertain habeas corpus claims that are successive]." (Dkt. No. 23 at 128). The California Supreme Court held in *Clark*:

> It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment. In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him.

*Id.* at 767-768 (quotations and citations omitted).[6] Both aspects of *Clark*'s bar on successive claims—the repetitious and piecemeal presentation of claims—are present here. The repetition occurred because Petitioner raised claims three and four in his petition for direct review, when it was "rejected,"[7] and again in his second petition for a writ of habeas corpus. (Dkt. No. 23 at 22-

---

[6] *Clark* also discussed the procedural bar on untimely petitions, but that bar is not at issue here because the California Supreme Court's pinpoint citation refers specifically to *Clark's* discussion of the bar on successive petitions, i.e., repetitious or piecemeal claims, and expressly stated "courts will not entertain habeas corpus claims that are successive." *See* 5 Cal. 4th at 767-69. The California Supreme Court did not cite to *In re Robbins*, 18 Cal. 4th 770 (1998) (providing claims raised in a habeas corpus petition must be timely filed), in its denial, which in combination with a *Clark* citation would have signaled it denied the petition as untimely, not successive. *See Walker v. Martin*, 562 U.S. 307, 310 (2011) ("California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., *Clark* and *Robbins*.").

[7] Petitioner does not dispute that when he raised claims three and four in his petition for direct review in the Supreme Court he did not exhaust those claims. In the California Court of Appeal, he raised the claims for the first time in the reply brief, which meant that the appellate court did not consider the claims on their merits. *See City of Costa Mesa v. Connell*, 74 Cal. App.4th 188,

5

58, 61.) The piecemeal presentation occurred because Petitioner failed to bring claims three and four in his first habeas petition to the California Supreme Court, even though both claims were known to Petitioner at the time. (*Id.* at 65-103.)

Having identified the *Clark* successive bar as the procedural default rule at issue, the Court must determine whether the *Clark* successive bar is independent and adequate. "A state procedural bar is independent if the state court explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003) (quotation marks and citations omitted). In *Clark*, the California Supreme Court described the procedural bar against repetitious and piecemeal claims without any reference to federal law. *See Clark*, 5 Cal. 4th at 767-69; *see also In re Robbins*, 18 Cal. 4th at 811-813 (clarifying *Clark*'s exceptions to the untimeliness bar—which also apply to the successive bar—are determined by applying only state law). "State rules count as 'adequate' if they are 'firmly established and regularly followed.'" *Johnson v. Lee*, 578 U.S. 605, 606 (2016) (per curiam) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)).

Although no Ninth Circuit published decision has determined whether the *Clark* successive bar is independent and adequate, the Ninth Circuit held in an unpublished decision a petitioner's claims were procedurally defaulted because the state showed the *Clark* successive bar was independent and adequate. *Trieu v. Fox*, 764 F. App'x 624, 625 (9th Cir. 2019). The Ninth Circuit has also affirmed a decision on appeal in which the district court found the California bar against successive petitions as adequate and independent. *See Flowers v. Foulk*, 774 F. App'x 1019, 1021

---

190 (1999) ("Appellate courts do not entertain issues raised for the first time in a reply brief, in the absence of a showing of good cause why such issues were not raised in the opening brief."). Consequently, when these claims were presented in the petition for direct review to the California Supreme Court, the California Supreme Court did not have a "fair opportunity" to rule on the merits of the claims for exhaustion purposes, *see* 28 U.S.C. § 1997e(a); *Picard v. Connor*, 404 U.S. 270, 275 (1971) (holding exhaustion requires petitioners give the state's high court "fair opportunity" to rule on merits of claims). While petitioner attempted to raise the claims in his petition for review, such attempt did not constitute a "fair presentation" of the claims for exhaustion purposes. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (because petitioner "raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them"); Cal. Rules of Court, rule 8.500(c)(1) ("As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal.").

1  (9th Cir. 2019) ("We agree with the district court that Flowers's related ineffective assistance of

2  counsel claim is procedurally defaulted under *In re Clark*, 5 Cal. 4th 750, 21 Cal.Rptr.2d 509, 855

3  P.2d 729 (1993).  Petitioner did not properly raise this claim in his habeas petitions in the

4  California Supreme Court.  A successive petition based on evidence known to Flowers at trial

5  would be barred in state court and is thus procedurally defaulted.").  Many district courts have also

6  held the *Clark* successive bar is independent and adequate.  *See*, *e.g.*, *Guerrero v. Matterson*, No.

7  20-CV-05923-WHO (PR), 2022 WL 17836598, at *3 (N.D. Cal. Dec. 21, 2022) ("Respondent has

8  shown that the *Clark* successive bar is both independent and adequate");[8] *Taylor v. Jaime*, No. 19-

9  CV-05664-SI (PR), 2021 WL 1553966, at *18 (N.D. Cal. Apr. 20, 2021) ("Respondent satisfied

10  his initial burden . . . noting the rejection of that petition by the California Supreme Court with a

11  citation to the *Clark* bar on successive/abusive petitions and pleading that the *Clark* bar is an

12  independent and adequate state procedural ground"); *Russell v. Borders*, 2021 WL 616933, at *9

13  (E.D. Cal. Feb. 17, 2021) (same, collecting cases); *Cruz v. Montgomery*, 2021 WL 2828245, at *3

14  (C.D. Cal. May 11, 2021) (same).  The Court agrees with the unpublished Ninth Circuit and

15  district court decisions holding the *Clark* bar is independent and adequate because the California

16  Supreme Court "explicitly invoke[d] [it] as a separate basis for its decision" and the Court is aware

17  of no authority finding it is not "firmly established and regularly followed", i.e., adequate.  *Vang*,

18  329 F.3d at 1074; *Johnson*, 578 U.S. at 606.

19  Petitioner does not dispute the *Clark* successiveness bar is independent and adequate for

20  purposes of procedural default.  Rather, he argues "[e]very claim Petitioner submitted not only to

21  this Court but also the Lower Court's are held within the Court's record and therefore should not

22  be procedurally barred or defaulted in this case at bar."  (Dkt. No. 24 at 1-2.)  Although claims

23  three and four may be "within" the records of the state courts and this Court, these claims were

24  rejected by the California Supreme Court under a "state law ground independent of the federal

---

[8] The Ninth Circuit denied the request for a certificate of appealability.  *See Richard Guerrero v. G. Matterson*, Case No. 23-15022, Dkt. No. 4 (9th Cir. March 22, 2024) ("[A]ppellant has not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'  Any pending motions are denied as moot. DENIED.").

1  question and adequate to support the judgment," which means, under *Coleman*, a federal court
2  "will not review" them. 501 U.S. at 729 (cleaned up).
3       Petitioner also argues if claims three and four are dismissed, he "would be allowed to
4  readdress those claims under new state law which would allow Petitioner to refile a new habeas
5  corpus petition pursuant to 28 U.S.C. § 2254 as a matter of law." (Dkt. No. 24 at 2.) Petitioner's
6  assertion he can file another habeas corpus petition does not mean the claims are not, in their
7  present posture, procedurally defaulted from federal habeas review. Petitioner also cites to
8  multiple cases in support of the potential legal merits of claims three and four. (*Id.* at 2-3.) Such
9  cases do not address the procedural default posture of these claims. Neither his assertion he can
10 file another habeas petition nor the potential underlying legal merits of claims three and four
11 overcome the procedural ground barring federal habeas review. Respondent has successfully met
12 the initial burden of adequately identifying and pleading the existence of an independent and
13 adequate state procedural ground as an affirmative defense and Petitioner fails to place the defense
14 in issue.

### C.    Procedural Bar Exceptions

16      In cases in which a state prisoner has defaulted his federal claims in state court pursuant to
17 an independent and adequate state procedural rule, federal habeas review of the claims is barred
18 unless the prisoner can either (1) demonstrate cause for the default and actual prejudice as a result
19 of the alleged violation of federal law, or (2) demonstrate failure to consider the claims will result
20 in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.
21      Petitioner does not argue there was cause and prejudice, nor is any apparent from the
22 record to overcome the procedural default.
23      Petitioner contends "[t]he preponderance of evidence held in the Court's record should be
24 sufficient for this Court to rule on i[n] favor of this Petitioner, anything less would be a
25 miscarriage of justice, especially when the records reflect that the District Attorney's office
26 vouched for the witness." (Dkt. No. 24 at 2.) To show a fundamental miscarriage of justice, a
27 petitioner must show the constitutional error of which he complains "has probably resulted in the
28 conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998)

(citing *Murray*, 477 U.S. at 496). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. It is established when, in light of all the evidence, "it is more likely than not no reasonable juror would have convicted [the petitioner]." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (cleaned up). A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

Petitioner's argument is conclusory. His general reference to the "evidence held in the Court's record" and bare reference to prosecutorial vouching do not explain how the evidence or vouching establish "it is more likely than not no reasonable juror would have convicted" him. (Dkt. No. 24 at 1-2); *Schlup*, 513 U.S. at 327. Petitioner fails to show the cause and prejudice or the fundamental miscarriage of justice exceptions overcome the state procedural bar. Claims three and four are procedurally barred from being heard by the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS Respondent's motion to dismiss claim one of the amended petition for writ of habeas corpus as unexhausted and claims three and four as procedurally defaulted. Claim one is DISMISSED without prejudice. Claims three and four are DISMISSED as procedurally barred.

Respondent shall file with the Court and serve on Petitioner, on or before **October 3, 2024,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted as to claim two of the operative amended petition. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and are relevant to a determination of the issues presented by the operative amended petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **November 4, 2024**.

//

//

**IT IS SO ORDERED.**

Dated: July 3, 2024

									_____
									JACQUELINE SCOTT CORLEY
									United States District Judge